UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DAVID WILSON, JR.,

        Petitioner,

-vs-                                          Case No. 8:07-cv-2185-T-33MAP

SECRETARY, DEPT. OF CORRECTIONS,

        Respondent.
_____/

## **ORDER**

This cause is before the Court on Petitioner Wilson's amended 28 U.S.C. § 2254 petition. (Doc. No.13). Wilson challenges his convictions for Attempted First Degree Murder With a Firearm (discharging firearm and inflicting great bodily injury), and Aggravated Battery With a Firearm rendered in the Thirteenth Judicial Circuit in Hillsborough County, Florida, in state circuit case number 00-12480. A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

## **PROCEDURAL HISTORY**

### **Case No. 00-12480**

On August 8, 2000, Wilson was charged by information in case number 00-12480 with attempted first-degree murder and violation of a domestic injunction by contact. (Exh 46: Vol. 1: R 49-53).[1] On June 21, 2001, the State filed a supercedes information adding a charge of aggravated battery with great bodily harm and a firearm and amending the

---

[1] Respondent filed the seven-volume record on direct appeal as Respondent's Exhibit 46.

injunction charge to allege possession of a firearm rather than contact. (Exh 46: Vol. 1: R 90-93). The case proceeded to jury trial before the Honorable Williams Fuente, Circuit Judge, on the attempted murder and aggravated battery counts. The violation of injunction charge was severed. Wilson was represented by Assistant Public Defenders Melody M. Dietsch and Mark Reinhold. On June 27, 2001, the jury convicted Wilson of attempted first degree murder with a firearm and aggravated battery with a firearm as charged in counts one and two of the supercedes information. (Exh 46: Vol. 1: R 150-150A). At a subsequent bench trial, the court found Wilson guilty of violating a domestic violence injunction. (Exh 46: Vol. 1: R 153). On October 10, 2001, the court sentenced Wilson to concurrent life sentences on counts one and two and time served on count three. (Exh 46: Vol. 1: R 152-160).

## Summary of the Facts

The evidence at trial, primarily through the victim's testimony, revealed the following facts surrounding the crimes. On July 23, 2000, Wilson entered a McDonald's restaurant where the victim, Wilson's 16-year-old stepdaughter, was working. (Exh 46: Vol. 4: T. 416, 417). Wilson asked to see his stepdaughter, and she approached the front counter. (T. 419). As the victim stood facing Wilson, Wilson produced a gun and, without saying anything, aimed at the victim's face and pulled the trigger. The gun jammed. (T. 421-422). Wilson fired another shot, and the bullet entered the victim's left eye and lodged in her sinus cavity. (T 407, 408-409, 422). Wilson fired again, and hit his stepdaughter in the right shoulder. (T. 423-424). The victim fell to the floor, and Wilson came around the counter and aimed the gun at her heart, but the gun jammed again. (T. 424, 436). The victim then

passed out. (T. 425). Miraculously, the victim survived. However, her left eye was completed destroyed, there was nerve damage in the surrounding area, and she wears a prosthetic eye. In addition to losing her left eye, the victim testified that she has suffered with "serious" headaches since the shooting, at times is not able to use her right shoulder, and has problems with her right eye due to nerve damage. (T. 431). The bullet or bullet fragment that entered through her eye was not removed from her sinus area for fear of inflicting further damage. (T. 410).

## Case No. 99-18481

In Case No. 99-18481, Wilson pled guilty to aggravated stalking on June 19, 2000. The trial court placed him on five years community control. Wilson's judgment and sentence were affirmed on appeal. *Wilson v. State*, 816 So. 2d 626 (Fla. 2d DCA 2002). Subsequently, Wilson admitted violating probation in this case. The state trial court revoked probation and sentenced Wilson to sixty months in prison, concurrent with the sentences imposed in Case No. 00-12480. Wilson is not challenging the conviction in Case No. 99-18481 in the instant federal petition.

## Direct Appeal

Wilson prosecuted a direct appeal of his convictions and sentences in Case No. 00-12480. His appellate counsel, Shea T. Moxon, Esquire, filed an initial brief (Exhibit 1) raising five issues:

### Issue One

The Trial Court Committed Reversible Error by Refusing to Instruct the Jury on the Lesser- Included Offense of Aggravated Battery in Count One of L.T. No. 00-12480.

### Issue Two

The Trial Court Subjected the Appellant to Double Jeopardy by Separately Convicting and Punishing Him in Counts One and Two of 00- 12480.

### Issue Three

The Trial Court Erred by Enhancing the Degree and Offense Level of Count One of L.T. No. 00- 12480 Based on the Use of a Weapon or Firearm.

### Issue Four

The Trial Court Erred by Sentencing the Appellant to Terms Exceeding the Statutory Maximum Penalties and the Minimum Mandatory Penalties for the Offenses in Counts One and Two of 00-12480.

### Issue Five

The Trial Court Failed to Enter an Order Revoking Probation in 99-14481.

The state filed an answer brief (Exhibit 2), and Wilson filed a reply brief. (Exhibit 3). On July 9, 2003, in Case No. 2D01-4868, the state district court of appeal per curiam affirmed Wilson's convictions and sentences. (Exhibit 4). *Wilson v. State*, 853 So. 2d 424 (Fla. 2d DCA 2003)[table]. Wilson's attorney filed a motion for rehearing or clarification or certification, which the appellate court denied on August 20, 2003. (Exhibit 5). The mandate issued on September 10, 2003. (Exhibit 6).

**Rule 3.800(b)(2) Motion to Correct Illegal Sentence**

During the direct appeal, Wilson's appellate counsel filed in the state trial court a Motion to Correct Sentencing Errors pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure. (Exh 46: Vol. 7: R 698-708). Wilson raised three sentencing issues.

On November 6, 2002, the trial court rendered an order granting the motion to the extent that the judgment of conviction as to count two be corrected to reflect a conviction for aggravated battery, a second degree felony. (Exh 46: Vol. 7: R 712-719). The ruling on the motion to correct sentencing errors traveled with the appeal and was affirmed by the state district court of appeal. *Wilson v. State,* 853 So. 2d 424 (Fla. 2d DCA 2003)[table].

## Rule 3.850 Motion for Postconviction Relief

On December 15, 2003, Wilson filed a motion for postconviction relief in both cases pursuant to Florida Rule of Criminal Procedure 3.850. (Exhibit 7). Wilson's motion was divided into two parts. Part one related to lower court Case No. 00-12480, the judgment being challenged in this federal proceeding.[2] On March 30, 2004, Wilson filed a supplement to his motion for postconviction relief. (Exhibit 8). In this supplement, Wilson raised two additional claims of ineffective assistance which he labeled grounds three, four, and four [sic].[3] On July 27, 2004, Wilson filed a second supplement to his motion for postconviction relief. (Exhibit 9). Wilson raised two claims, which he labeled grounds eleven and twelve. These latest grounds alleged sentencing errors. In the original and second supplemental motions for postconviction relief, Wilson raised a total of fourteen grounds for relief:

> 1. Trial counsel was ineffective for failing to conduct an adequate pretrial investigation and to present an insanity defense;
>
> 2. Trial counsel was ineffective for failing to present expert testimony of his psychological problems, which, when combined with his intoxication, would negate the specific intent element of the offenses;

---

[2] Part two contained two claims of ineffective assistance of counsel and related to case number 99-18481.

[3] The state trial court summarily denied these claims, which were legally insufficient on their face, in its November 22, 2004, order. (Respondent's Exhibit 10).

-5-

3. Trial counsel was ineffective for failing to introduce expert testimony as to his abnormal behavior and conduct which was relevant to the specific intent element of the crime;

4. Trial counsel was ineffective for failing to prepare and present any valid defense;

5. Trial counsel was ineffective for conceding Wilson's guilt during opening statement and closing argument;

6. Trial counsel was ineffective for failing to provide a defense on the aggravated battery charge;

7. Trial counsel was ineffective for conceding his guilty on the aggravated battery charge during closing argument without Wilson's consent;

8. The trial court erred by failing to stop the proceedings to inquire if Wilson had consented to counsel conceding his guilt during counsel's opening statement and closing argument;

9. The trial court erred by allowing the prosecutor to make inflammatory statement to the jury over counsel's objection during closing argument;

10. Trial counsel was ineffective for failing to investigate the M'Naghten Rule to establish that he was not criminally responsible for his actions at the time of the crimes, and for failing to request a jury instruction on voluntary intoxication.

11. The trial court was without jurisdiction to impose concurrent life sentences on counts 1 and 2 under the "10-20-Life" law;

12. The life sentence for aggravated battery is illegal;

13. Prosecutorial misconduct during closing argument;

14. Ineffective assistance of counsel due to the cumulative effect of the counsel's errors.

On November 22, 2004, the state trial court issued an order on various motions filed by Wilson, including his motion for postconviction relief and the supplements thereto. (Exhibit 10). The state trial court summarily denied relief on the two claims relating to case

99-18481. With regard to case 00-12480, the circuit court summarily denied grounds 6, 9, 10(b), 10(c), 11, 12, and 13 of the motions for postconviction relief. The court reserved ruling on ground 14 of the motion as to Case No. 00-12480, and directed the State to respond to grounds 1, 2, 3, 4, 5, 7, 8, and 10(a). The State filed a response on March 9, 2005. (Exhibit 11). The State requested that the court deny ground four and grant a hearing on grounds 1, 2, 3, 5, 7, 8, and 10(a). Conflict counsel, Joseph Gardner Dato, Esquire, was appointed to represent Wilson.

On April 11, 2005, the state trial court entered an interim order reserving ruling on grounds 1, 2, 3, 4, 8, 10(a), and 14 until after an evidentiary hearing on grounds 5 and 7. (Exhibit 12). The Honorable William Fuente, Circuit Judge, conducted an evidentiary hearing on grounds 5 and 7 on June 17, 2005. After the hearing, written closing arguments were submitted by the State and the defense. On August 8, 2005, the state trial court issued an order denying grounds five and seven, ordering the parties to appear before the court to set an evidentiary hearing on grounds 1, 2, 3, 4, 6, 8, and 10(a), and reserving ruling on ground 14. (Exhibit 13).

A hearing was held on October 7, 2005. Again, written arguments were submitted. On October 17, 2005, the state trial court entered a final order denying Wilson's motion for postconviction relief. (Exhibit 14). On October 27, 2005, Wilson filed a motion for rehearing. Rehearing was denied by written order filed October 28, 2005. Wilson appealed the adverse rulings.

Wilson filed an initial pro se brief challenging only the denial of grounds five, seven, and eight of the Rule 3.850 motion. (Exhibit 15). The State filed an answer brief (Exhibit

16), and Wilson filed a reply brief. (Exhibit 17). On October 4, 2006, in Case No. 2D05-5361, the state district court of appeal per curiam affirmed the denial of Wilson's postconviction motions. (Exhibit 18). *Wilson v. State*, 944 So. 2d 367 (Fla. 2d DCA 2005)[table]. Wilson filed a motion for rehearing (Exhibit 19), which the state district court of appeal denied on November 20, 2006. (Exhibit 20). The mandate issued on December 6, 2006. (Exhibit 21).

Wilson sought review in the Florida Supreme Court. (Exhibit 22). On December 27, 2006, in Case No. SC06-2498, the Florida Supreme Court dismissed the case for lack of jurisdiction. (Exhibit 23). *Wilson v. State*, 2006 Fla. LEXIS 3060 (Fla. Dec. 27, 2006).

### Rule 3.800(a) Motion to Correct Illegal Sentence

On April 6, 2004, a few months after Wilson initiated the Rule 3.850 postconviction proceeding, Wilson filed a pro se motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 24). Wilson alleged that his life sentences as to counts one and two were in excess of the statutory maximum. On November 22, 2004, the trial court issued an order summarily denying the sentencing claims as successive. (See Respondent's Exhibit 10). Wilson appealed. (Exhibit 25). No briefs were filed by either party. On May 6, 2005, in Case No. 2D04-5718, the state district court of appeal per curiam affirmed the lower court's denial of sentencing relief. (Exhibit 26). *Wilson v. State*, 902 So. 2d 807 (Fla. 2d DCA 2005)[table]. The mandate issued June 6, 2005. (Exhibit 27).

### State Petition Alleging Ineffective Assistant of Appellate Counsel

On July 22, 2004, also during the pendency of the Rule 3.850 proceeding, Wilson filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel pursuant to Fla. R. App. P. 9.141(c). (Exhibit 28). Wilson alleged he was denied effective assistance of appellate counsel because of a direct conflict of interest. He also alleged appellate counsel was ineffective for failing to raise on direct appeal the issues concerning: (1) the "juror whose vote may have been influenced by out-of-court sources"; (2) the trial court's failure to establish that Wilson's waiver of a trial by jury on count three was freely and voluntarily done; (3) Wilson's denial of a fair trial where one of the jurors was asleep during the critical part of the trial. The State filed a response to the habeas petition (Exhibit 29), and Wilson filed a reply. (Exhibit 30). On February 1, 2005, in Case No. 2D04-3354, the state district court of appeal denied the petition without discussion. (Exhibit 31). *Wilson v. State*, 896 So. 2d 761 (Fla. 2d DCA 2005)[table].

Wilson sought discretionary review in the Florida Supreme Court. (Exhibit 32). On February 16, 2005, in Case No. SC05-274, the Florida Supreme Court dismissed the petition for review for lack of jurisdiction. (Exhibit 33). *Wilson v. State*, 895 So. 2d 1068 (Fla. 2005)[table].

**Motion To Amend Motion To Correct Illegal Sentence**

On June 16, 2006, Wilson filed a motion to amend his Rule 3.800 motion to correct an illegal sentence. (Exhibit 34). Apparently, Wilson sought to amend the original motion to correct sentence filed by his appellate counsel during the direct appeal. Wilson requested permission to submit portions of the record to support his claim, and to add one new ground. On July 3, 2006, the state trial court denied the motion to amend. (Exhibit 35).

Wilson appealed the adverse ruling. (Exhibit 36). No briefs were filed. On November 22, 2006, in Case No. 2D06-3638, the state district court of appeal per curiam affirmed, with citations, the denial of relief. (Exhibit 37). *Wilson v. State*, 945 So.2d 520 (Fla. 2d DCA 2006)[table]. The mandate issued January 24, 2007. (Exhibit 38).

### Rule 3.800 Motion To Correct an Illegal Sentence

Wilson filed another Rule 3.800(a) motion to correct sentence on January 8, 2007. (Exhibit 39). The motion contained five grounds for relief, most of which had been previously addressed by the state trial court. On March 30, 2007, the state trial court summarily denied all sentencing claims. (Exhibit 40). Wilson appealed the denial of relief in Case No. 2D07-2135. On August 22, 2007, the state district court of appeal per curiam affirmed, with citations, the state trial court denial of relief. (Exhibit 41). *Wilson v. State*, 965 So. 2d 136 (Fla. 2d DCA 2007)[table]. The mandate issued September 28, 2007. (Exhibit 42).

### Second Rule 3.850 Motion for Postconviction Relief

On January 22, 2008, Wilson filed another Rule 3.850 motion for postconviction relief. (Exhibit 43). He raised the following grounds: (1) The direct information in Case No. 00-12480 is void and ineffective on the ground that the instrument was not signed by the State Attorney or Assistant State Attorney; (2) the supercedes information is void on the ground that the signature of the State Attorney, Mark Ober, does not appear; (3) the supercedes information, as to count one charging attempted first degree murder with a firearm, constitutes a constructive amendment, and an inference of acquittal of attempted murder on the ground that the evidence introduced at trial proved something different

(restated); (4) the sentence imposed for the offense of aggravated battery with a firearm exceeded the maximum penalty under Florida law. On July 22, 2008, the state trial court denied the motion for postconviction relief as untimely pursuant to the two-year deadline provided in Rule 3.850(b). (Exhibit 44). The court docket reflects that the trial court denied Wilson's motion for rehearing on September 5, 2008. However, Wilson did not pursue a timely appeal of the order denying relief. (Exhibit 45: Circuit Court Docket).

## THE PRESENT PETITION

Wilson signed the original § 2254 petition and presented it to prison officials for mailing on November 28, 2007. (Doc. No. 1). This Court granted a stay and abeyance while Wilson exhausted his claims in state court. (Doc. No. 7). The case was re-opened and, with this Court's permission, Wilson signed an amended § 2254 petition on October 22, 2008. The amended petition contains the following four grounds for relief:

### Ground One

The direct Information filed on August 8, 2000, was void and ineffective.

### Ground Two

The supercedes Information filed on June 21, 2001, was void and ineffective.

### Ground Three

The supercedes Information filed on June 24, 2001, constructively amended, warrants dismissal with prejudice.

### Ground Four

Incapacitation of juror who was sleeping during introduction of evidence.

**The amended petition (Doc. No. 13) is timely pursuant to 28 U.S.C. § 2244(d).**

**STANDARD OF REVIEW**

The AEDPA Standard

Wilson's federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24,1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, (1997). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in Order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also, Bell v. Cone*, 160 L. Ed. 2d 881 (2005)(habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

**DISCUSSION**

GROUNDS ONE, TWO, AND THREE

Grounds One, Two, and Three pertain to challenges to the validity of the charging document. In Ground One, Wilson alleges the signature on the direct information filed on August 8, 2000, lacks a proper signature of the Assistant State Attorney. Wilson contends in Ground Two that the supercedes information filed on June 21, 2001, is void and ineffective on the ground that the State Attorney himself did not sign the information or endorse the designation of the Assistant State Attorney. In Ground Three, Wilson seems to argue that the information is unconstitutional because the charge of attempted first degree murder with a firearm (uncompleted offense) contains the element of "the unlawful killing of a human-being from a premeditated design," (completed offense) which does not exist in this case.

Procedural Bar

Grounds One, Two, and Three are procedurally barred for three reasons. First, the grounds were not preserved at trial and raised on direct appeal. Wilson never raised these issues prior to or during the trial proceeding. Although he raised the claims in his motion for postconviction relief, the state court properly denied the motion on grounds of untimeliness.

Wilson's failure to raise the allegations in the trial court in a motion to dismiss the charges prior to or during trial works as a waiver under Florida law, and, as a consequence, the first three grounds are procedurally barred on this basis. It has long been Florida law that technical deficiencies or defects in form may be waived by failure to make timely

objection or by a plea to the merits. *See, e.g., Ray v. State*, 403 So. 2d 956, 961, n. 8 (Fla. 1981) (failing to object to faulty information waives appellate review); *Woodson v. State*, 739 So. 2d 1210 (Fla. 3d DCA 1999) (holding that issue of whether information is invalid because it is not based upon sworn statements made by material witnesses must be raised by objection or motion to dismiss at trial or appellate review is waived); *Champlin v. State*, 125 So. 2d 565 (Fla. 1961); *Bryan v. State*, 41 Fla. 643, 26 So. 1022 (1899). Rule 3.140(g) of the Florida Rules of Criminal Procedure adopts this law in connection with issues relating to signing and verifying informations. Because Wilson did not object or move to dismiss the informations in this case, his present challenges to the validity

of the charging documents is barred.

Second, the Rule 3.850 motion filed on October 22, 2008, wherein Wilson raised these claims for the first time, was properly rejected by the state trial court as untimely. Thus, the claims are procedurally barred by the two-year limitation of Rule 3.850. See *Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of rule 3.850), *cert. denied*, 498 U.S. 834 (1990). *See also LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1262 (11th Cir. Fla. 2005) (the procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under the applicable law.

Finally, Wilson's failure to appeal the order denying his untimely motion for postconviction relief also results in a procedural bar. In order to exhaust the claims raised in the state motion for postconviction relief, Wilson was required to appeal the trial court's order denying relief. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) ("In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal

of its denial."). *See also Rodwell v. Singletary*, 114 F.Supp.2d 1308, 1312 (M.D. Fla. 2000)(holding that failure to appeal denial of claim raised in postconviction motion in Florida court resulted in a procedural default(citing, *inter alia, Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir.), *cert. denied*, 502 U.S. 944 (1991); *Smith v. Jones*, 923 F.2d 588 (8th Cir. 1991)(claims presented in postconviction motion and not appealed were procedurally barred in subsequent habeas proceedings).

### Failure To Raise Federal Constitutional Issues

In addition to being procedurally barred, the allegations in Grounds One, Two, and Three are not cognizable in this federal proceeding because they fail to raise issues of federal constitutional magnitude. In federal court, whether an offense is properly alleged in an indictment or information is not a proper subject for habeas corpus review unless the indictment or information is so fatally defective as to deprive the convicting court of jurisdiction. *De Benedictis v. Wainwright*, 674 F.2d 841, 842 (11th Cir. 1982); *Branch v. Estelle,* 631 F.2d 1229, 1233 (5th Cir. 1980); *Meyer v. Estelle*, 621 F.2d 769, 771 (5th Cir. 1980); *Murphy v. Beto*, 416 F.2d 98, 100 (5th Cir. 1969). The defect in this case was not so fatally defective as to deprive the convicting state trial court of jurisdiction and is therefore not a basis for federal habeas relief.

For the above-stated reasons, Grounds One, Two, and Three do not warrant relief because they are procedurally barred and they fail to raise a federal constitutional claim.

### GROUND FOUR

Wilson alleges the state trial court erred in failing to dismiss a juror who was observed sleeping during the trial, and discharging the jury panel. This claim is procedurally

barred or for failure to satisfy the requirements of 28 U.S.C. § 2254(d) and (e). This claim was raised in the state habeas corpus petition under the guise of ineffective assistance of appellate counsel for failing to raise the "sleeping juror" issue on direct appeal. To the extent Wilson is attempting to present a substantive claim of trial court error, such claim is unexhausted and procedurally barred by omission of the issue in the direct appeal. See *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 (11th Cir. 2005) (concluding the substantive claim that the trial court erred by making the lock-up statement was not fairly presented to the state court because the ineffective-assistance-of-counsel claim based on the failure to object to, or appeal, the trial court's lock-up statement which was presented to the state court is separate and distinct from the substantive claim).

Moreover, even if Ground Four is treated as an allegation of ineffective assistance of appellate counsel, Wilson is not entitled to relief from this Court. Appellate counsel cannot be deemed ineffective for failing to raise an issue that was not preserved for review and is without merit. During the State's direct examination of a witness through whom the State was introducing evidence found in Wilson's automobile, the state trial court brought to the attention of counsel for Wilson and the State that a juror was sleeping. At a bench conference, the following discussion occurred:

> THE COURT: I don't know if you all notice we have a sleeping juror. How do you suggest we handle it?
>
> MS. DIETSCH [Defense Counsel]: Have them stand up.
>
> THE COURT: What?
>
> MS. DIETSCH: Maybe it's a good time to take a stretching break in the seats. I don't want to embarrass him.

> MR. REINHOLD [Co-defense Counsel]: That's the problem.
>
> MS. DIETSCH: I don't want to embarrass him. I think we should probably – I don't want to –
>
> THE COURT: How much longer do you think you have of this witness?
>
> MS. DAWSON [Assistant State Attorney]: About 5 or 10 minutes.
>
> THE COURT: Are you going to cross him?
>
> MR. REINHOLD: No.
>
> THE COURT: All right. Okay. I'll say something.
>
>   (The bench conference was concluded)
>
> THE COURT: All right. There is about 5 or 10 minutes left of this witness. Please bear with us and pay attention, please. Proceed, I'm sorry.

(Exh 46: Vol. 3: T 320-321).

Defense counsel did not cross-examine the witness. The parties agreed that the solution would be to allow the jury a "stretching break." The state trial court took the action suggested by defense counsel and counsel made no objection to the way the situation was handled. Furthermore, no prejudice was shown. Even assuming that Ground Four should be treated as a claim of ineffective assistance of appellate counsel and is properly before this Court for review, Wilson cannot establish deficient performance or prejudice because the issue regarding the sleeping juror was not preserved for review and lacks merit.

In order to show a violation of the Sixth Amendment right to counsel, Wilson must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bell v. Cone*, 535 U.S. 685, 698 (2002)(courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points). First, Wilson must

-17-

demonstrate that his attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Wilson must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Wilson must prove both prongs of *Strickland*. Therefore, if he fails to establish either deficient performance or prejudice, the court need not address the other prong. *Strickland,* 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,...that course should be followed."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

The same *Strickland* standard applies whether the courts are considering the performance of counsel at the trial or appellate level. *Eagle v. Linahan*, 279 F.3d 926, 938 (11th Cir. 2001)(citing *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987)). The federal courts have regularly held that appellate counsel is often well advised to choose the most promising arguments and is not obliged to crowd a brief with less promising ones which may detract. *Jones v. Barnes*, 463 U.S. 745 (1983). Moreover, appellate counsel cannot be deemed to have rendered ineffective assistance by failing to brief an issue that was not preserved for appeal or is without merit. *Chandler v. Dugger*, 634 So. 2d 1066, 1068 (Fla. 1994)(cited in *Chandler v. Moore*, 240 F.3d 907, 916 (11th Cir. 2001); *Suarez*

*v. Dugger*, 527 So.2d 190 (Fla. 1988). In this case, the state court's denial of Wilsons' ineffective assistance of appellate counsel claim is neither contrary to, nor an unreasonable application of the facts to the *Strickland* standard.

Wilson argued in his state habeas corpus petition that the juror was permitted to deliberate after having "missed vital portions of the evidence." Wilson cannot establish prejudice with respect to this issue because he cannot show that the result of the appeal would have been different had this issue been raised. Therefore, the denial of the state habeas corpus petition did not result in a decision that was contrary to the *Strickland* standard, nor an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Under the AEDPA's deferential standard, Ground Four does not warrant relief.

Accordingly, the Court orders:

That Wilson's petition is denied. The Clerk is directed to enter judgment against Wilson and to close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 4, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
John David Wilson, Jr.